UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

QUINCY DAVIS, #274344,

        Petitioner,

v.                                        ACTION NO.
                                            2:05cv194

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying Quincy Davis's petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Quincy Davis ("Davis") was an inmate confined in the Virginia Department of Corrections pursuant to a sentence of the Circuit Court of the City of Chesapeake. Davis' petition does not concern his Circuit Court conviction, but rather alleges that his due process rights were violated at a prison disciplinary hearing.

On April 8, 2004, while in the custody of the Virginia Department of Corrections at the Indian Creek Correctional Center, Davis was charged with a disciplinary offense, "Possession of Tools or Implements With Which to Disable, Alter, Tamper or Interfere With Such Equipment or Devices." On April 16, 2004 after a two day disciplinary hearing, Davis was found guilty of the charge and was penalized by a "[l]oss of 60 days good-time." Davis appealed this decision to the Warden and the Regional Director, both of whom reviewed and upheld the decision. Davis subsequently filed a habeas petition in the Virginia Supreme Court which was refused on February 8, 2005.

Davis filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 1, 2005. On May 9, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. Davis filed a response to the Motion to Dismiss on May 31, 2005, along with several requests for discovery, including a Request for Production of Documents and Interrogatories to Respondent. Respondent filed a Response to Petitioner's Requests For Discovery on June 13, 2005.

### B. Grounds Alleged

Davis asserts he is entitled to relief under 28 U.S.C. § 2254 because his prison disciplinary hearing violated the Due Process and Equal Protection Clauses of the United States Constitution.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Davis was released from the Virginia Department of Corrections on July 28, 2005. Therefore his claim requesting relief from his prison disciplinary action reducing his days of good-time is moot.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. See U.S.C.A. Const. art. III, § 2, cl. 1; see also, Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). In order to satisfy this requirement, a plaintiff must

suffer or be threatened with an actual injury that is traceable to the defendant. The parties must maintain a personal stake throughout the litigation, where a favorable decision would likely redress the injury. See Lewis, 494 U.S. at 477-78.

The mootness doctrine stems from this Article III requirement. See Western Oil and Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir. 1990) (citing Regional Rail Reorganization Act Cases, 419 U.S. 102, 138 (1974)). In general, an action is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted). A mootness inquiry asks "whether there is anything left for the court to do." Western Oil and Gas Ass'n, 905 F.2d at 1290 (quoting Wright, Miller & Cooper, Federal Practice and Procedure, § 3532.1 (2d ed. 1984)).

In this case, Davis's claim is clearly moot. Davis challenges his prison disciplinary hearing that resulted in the loss of 60 days good-time. His only request for relief is a finding that the prison disciplinary action violated the Constitution, which would result in a restoration of his days of good-time. Yet, because Davis was released from the Virginia Department of Corrections on July 28, 2005, the Article III case-or-controversy requirement cannot be satisfied, as there is clearly nothing "left for the court to do."

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Davis's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

Davis's requests for discovery are hereby DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(C):

    1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                   /s/
                                          Tommy E. Miller
                                          United States Magistrate Judge

Norfolk, Virginia

August 16, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Quincy Davis, #274344
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870


Richard C. Vorhis, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                Elizabeth H. Paret, Clerk


                                By _____
                                        Deputy Clerk

                                        August    , 2005